ATTORNEYS AT LAW

125 BROAD STREET, 39TH FLOOR   NEW YORK, NEW YORK 10004-2400

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

*Michael H. Bernstein*
*(212) 898-4011*
*michael.bernstein@sdma.com*

May 11, 2011

*Via ECF*
Honorable James Orenstein, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Frank Alberigo v. The Hartford*
　　Civ. Act. No.　　1:10-cv-04735 (NG)(JO)

Dear Judge Orenstein:

　　This office represents the defendant Hartford Life Insurance Company ("Hartford") in the above-referenced action. In accord with the Court's April 13, 2011 Civil Conference Minute Order, we submit this letter in response to the plaintiff Frank Alberigo's ("Alberigo") letter motion requesting permission to take the deposition of Independent Medical Record Peer Review Consultant("peer review consultant") Dr. Nneke Owubueke, which was filed with the Court on April 27, 2011. Hartford objects to Alberigo's request because: (1) the deposition of Dr. Onwubueke will not produce or lead to the discovery of relevant or material evidence; (2) all of the information the plaintiff is seeking to obtain through the deposition of Dr. Onwubueke is available in the administrative record; and (3) to the extent Alberigo is requesting that the Court compel Hartford to produce Dr. Onwubueke for a deposition, Dr. Owunbueke is a non-party witness who is not under Hartford's control.

　　This is an action pursuant to §502(a)(1)(B) of the Employee Retirement Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA"), in which Alberigo seeks judicial review of Hartford's adverse benefit determination of his claim for long-term disability(LTD) benefits under his employers' LTD benefit plan. The Plan includes a full grant of discretionary authority to Hartford authorizing it to make all benefit determinations and interpret all Plan terms. Accordingly, this Court's review will be done pursuant to the arbitrary and capricious review standard.

　　In his April 27, 2011 letter motion, Alberigo requests that this Court issue an order compelling the deposition of an independent, non-party peer review consultant (Dr. Onwubueke). Alberigo argues that Dr. Owubueke's deposition is required because he performed an independent review of the medical records in Alberigo's claim file and rendered a report which included his opinions concerning Alberigo's functionality. Specifically, Alberigo states that he wants to question Dr. Onwubueke concerning his December 9, 2008 telephone conversation with Alberigo's cardiologist, Dr. Howard Kloth. Alberigo also indicates that at the requested deposition, he seeks to question Dr. Onwubueke concerning whether both doctors were using the same definition of the term "sedentary" during their conversation and whether Dr. Kloth's answers were "coerced." Also, Alberigo states that a deposition of Dr. Onwubueke is necessary to determine "why no additional attempt to elicit clarification from [his treating physician] Dr. Goddard was made in writing."

### A. The Deposition of Dr. Onwubueke will not Produce Relevant or Material Evidence or Lead to the Discovery of Relevant or Material Evidence.

　　The Plan grants full discretionary authority to Hartford to determine Alberigo's eligibility for benefits and to interpret the terms of the Plan. *See Krauss* v. *Oxford Health Plans, Inc.*, 517 F.3d 614, 622 (2008). In such cases, the Court's review is limited to the administrative record to determine whether Hartford's decision denying Alberigo's claim for Plan LTD benefits was arbitrary and capricious. *See Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*, No.

09-2284-cv, 2010 WL 625003, *2 (2d Cir. Feb. 24, 2010); *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 89 (2d Cir. 2009).[1] Hartford objects to Alberigo's request that this Court compel the non-party deposition of Dr. Onwubueke on the grounds that he indisputably seeks to use any deposition testimony to supplement the administrative record. This is improper because in ERISA cases such as this, discovery requests must be limited to information that is relevant or likely to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). In this case, discovery as to the merits of Alberigo's purported entitlement to benefits is limited to the production of the plan documents and the administrative claim file and he is not entitled to supplement the administrative record with additional material concerning the substance of the claim determination. *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Richard, supra*. Therefore, Alberigo may not seek deposition testimony to add to or accrete the record because this proof was not considered by the claims fiduciary at the time it rendered its final determination on Alberigo's claim.

Moreover, to the extent Alberigo is seeking discovery outside of the administrative record, he must establish "good cause" for the requested discovery. In ERISA cases, "good cause" is usually based on a showing of a procedural irregularly that is apparent on the face of the administrative record. *See Hobson*, 574 F.3d at 83 (2d Cir. 2009). Alberigo's letter motion requesting permission to take the deposition testimony of Dr. Onwubueke has not identified or shown any procedural irregularities in the administrative record to support a finding of "good cause" for the requested discovery. Furthermore, even where an ERISA claimant demonstrates "good cause," the Second Circuit has limited discovery in cases such as this to questions concerning only (i) the influence of any potential conflict of interest on the claim administrator's decision-making or (ii) the completeness of the administrative record. *Zervos* v. *Verizon New York, Inc.*, 252 F.3d 163, 174 (2d Cir. 2001). Alberigo's request for the deposition of Dr. Onwubueke will not inform either of these issues since Dr. Onwubueke was not a decision-maker on his benefit claim and, thus, would not know of any financial interest affecting Hartford's decision-making or whether the administrative record was complete. Significantly, Alberigo has not even stated that he is seeking the deposition of Dr. Onwubueke to gather information concerning a purported conflict of interest and the matters about which he has indicated an intent to question Dr. Onwubueke are well outside these well-defined and circumscribed areas for discovery that are permissible only upon a showing of good cause.[2] Since Alberigo seeks to inquire about matters that fall outside of the scope of permissible discovery and has not attempted to offer a showing of "good cause" for this deposition in the first place, his application should be denied.

In this regard, it is notable that Alberigo cites *Trussel* v. *Cigna Life Ins. Co. of New York*, 552 F.Supp.2d 387(S.D.N.Y. April 4, 2008) for the proposition that a Court may allow discovery outside of the administrative record so long as "good cause" is shown. However, Alberigo fails to acknowledge that in *Trussel*, the Court only permitted discovery outside the administrative record on the issue of *conflict of interest*. *Id.*, 552 F.Supp.2d at 391. Here, Alberigo is not requesting discovery to determine whether Hartford's alleged structural conflict of interest affected its benefits determination. Rather, Alberigo is seeking information to challenge or undermine Dr. Onwubueke's medical opinions, which is not appropriate under ERISA. *See Lane* v. *Hartford Insurance Co.*, No. 06 civ. 3931(DC), 2006 WL 3292463, *2 (S.D.N.Y. Nov. 14, 2006). Furthermore, while Alberigo acknowledges his obligation to show "good cause" for this discovery, he fails to even attempt to satisfy this requirement.

**B. The Deposition of Dr. Onwubueke is not Even Required because the Information Alberigo Seeks from Dr. Onwubueke is Available in the Administrative Record.**

While Alberigo has not satisfied the "good cause" requirement in order for this Court to order the deposition of Dr. Onwubueke, as set forth above in Point A, *supra*, he also fails to show that the evidence he seeks through the deposition of Dr. Onwubueke does not already exist in the record. Specifically, although Alberigo's argument that the deposition is necessary to clarify a discrepancy between Dr. Onwubueke's and Dr. Kloth's respective understanding of

---

[1] A complete copy of the administrative record was provided to plaintiff's counsel on February 4, 2011.
[2] Several Magistrate Judges in this district, as well as in the Southern District of New York, have repeatedly denied similar motions to compel non-party depositions of peer review consultants in the ERISA context. Indeed, these requests have been denied even in cases unlike the instant case, where parties are purportedly seeking the depositions for conflict of interest discovery. Annexed hereto as Exhibit "A," please find the relevant pages from the transcripts of the following U.S. District Court discovery decisions, in which requests for depositions of independent medical record peer review consultants were denied:(a) Magistrate Judge Theodore Katz's September 2, 2010 decision in *Young* v. *Hartford, et al.*, No. 09-CV-9811(RJH)(S.D.N.Y. September 2, 2010), at 64-65; (b) United States Magistrate Judge Michael H. Dolinger's decision in *Demonchaux* v. *UnitedHealthcare Oxford, et. al,.* No. 10-CV-4491(DAB)(MHD)(S.D.N.Y. April 28, 2011), at 1-25; and (c) United States Magistrate Judge Ramon Reyes's decision in *Testa* v. *Hartford, et. al.*, No. 08-CV-816(FB)(RER)(E.D.N.Y. May 18, 2009), at 27-28.

the term "sedentary," this claimed discrepancy is not supported by the record. Indeed, in his report, Dr. Onwubueke indicated that during their December 9, 2008 conversation, Dr. Kloth agreed that Alberigo was functionally able to perform sedentary work, including "sitting for about six hours out of an eight hour work day and [requires][] brief periods of standing and walking on an occasional basis."[3] Thus, the same definition of "sedentary" was considered during the December 9, 2008 conversation by both doctors. In addition, the administrative record includes an opinion from Dr. Kloth concerning Alberigo's functional capacity dated March 7, 2008, in which he clearly indicated that Alberigo could perform full time work at a sedentary level of capacity.[4] Notably, in his March 7, 2008 Functional Assessment Letter, Dr. Kloth checked off a box indicating that Alberigo can work at a "sedentary" capacity level, which is defined in the letter in nearly the same language as it was defined in Dr. Onwubueke's report. (Exhibit "C"). Accordingly, any argument that Dr. Onwubueke and Dr. Kloth used differing definitions of the word "sedentary" is contrary to the facts in the administrative record and thus, does not provide proper grounds for a deposition.

Alberigo's argument that a deposition is necessary to determine whether the answers provided by Dr. Kloth in his December 9, 2008 conversation with Dr. Onwubueke were coerced is absurd. There is no indication in the record that Dr. Kloth's statement that Alberigo could perform full time work at a sedentary capacity was coerced. Indeed, his answers to Dr. Onwubueke's questions during the December 9, 2008 phone call are completely consistent with his opinion in his March 7, 2008 Functional Assessment Letter, which he submitted to Hartford. (Exhibits "B" and "C").

Finally, Alberigo's claim that testimony from Dr. Onwubueke is required because "there is a question as to why no additional attempt to elicit clarification from Dr. Goddard was made in writing" is also without merit. Indeed, the administrative record reflects that Dr. Onwubueke made several attempts to contact Dr. Goddard but that Dr. Goddard refused to cooperate with him. Specifically, as referenced in plaintiff's April 27, 2011 application, Dr. Onwubueke, during his peer review, attempted to contact Dr. Goddard several times and was informed that Dr. Goddard required a signed release from Alberigo prior to discussing his file. (Exhibit "B"). Hartford obtained that release and forwarded it to Dr. Goddard, but he still refused to speak to Dr. Onwubueke citing compliance with HIPAA. *Id.* Dr. Goddard informed Dr. Onwubueke that he would not discuss Alberigo's file over the phone, but would produce written documentation, if requested. *Id.*

**C. Hartford Should not be Compelled to Produce Dr. Onwubueke for a Non-party Witness Deposition**

To the extent Alberigo's letter motion is requesting that the Court compel Hartford to produce Dr. Onwubueke for a deposition, it should be denied for the additional reason that it is improperly directed to Hartford. Dr. Onwubueke is not an officer, director, employee, or managing agent of Hartford. FED. R. CIV. P. 30(b)(1). Indeed, Dr. Onwubueke is a non-party, independent peer review consultant retained by UDC, a non-party independent review organization. Because Dr. Onwubueke is not employed by Hartford, he not under its control and it should not be compelled to produce such a non-party witness. *See Id.; see also JSC Foreign Economic Ass'n Technostroyexport v. International Development and Trade Services, Inc.*, 220 F.R.D. 235, 238 (S.D.N.Y. March 25, 2004). Moreover, to the extent Alberigo's letter motion is requesting permission from the Court to serve a non-party subpoena on Dr. Onwubueke requiring him to appear for a deposition, his request should be denied for the reasons set forth above in Point A and B, *supra*.

Given all of the foregoing, it is respectfully requested that Alberigo's application for an Order compelling the non-party deposition of Dr. Onwubueke be denied in all respects.

Thank you for your time and consideration of this matter.

Respectfully submitted,

Michael H. Bernstein
Sedgwick LLP

---

[3] A true and correct copy of Dr. Onwubueke's report and addendum is annexed hereto as Exhibit "B," Bate Stamped "ALBERIGO 000167-174, 145."
[4] A true and correct copy of Dr. Kloth's March 7, 2008 Functional Assessment Letter is annexed hereto as Exhibit "C," Bate Stamped ALBERIGO 000326-327.

## CERTIFICATE OF SERVICE

I, Matthew P. Mazzola, hereby certify and affirm that a true and correct copy of the attached **Letter Opposition to the Plaintiff's Letter Motion to Compel Discovery (with exhibits)** was served via **Electronic Case Filing** and **Regular Mail** on May 11, 2011, upon the following:

TO:  Louis R. Burko, Esq.
     SEVERANCE, BURKO,
     SPALTER & MASONE
     189 Montague Street, Suite 900
     Brooklyn, New York 11201
     Facsimile:  (718) 522-3766
     Telephone: (718) 625-2300
     *Attorneys for Plaintiff*

s/
Matthew P. Mazzola (MM-7427)

NY/700122v1