UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANK ALBERIGO,

                      Plaintiff,                  **MEMORANDUM**
                                                                   **AND ORDER**

          - against -

                                                                  10-CV-4735 (NG) (JO)

THE HARTFORD,

                      Defendant.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        In a letter-motion dated April 27, 2011, plaintiff Frank Alberigo ("Alberigo") seeks discovery of information outside the underlying administrative record. Specifically, Alberigo seeks to depose Dr. Nneka Onwubueke ("Onwubueke"), the doctor on whose opinion defendant The Hartford ("Hartford") relied in denying Alberigo disability benefits. Docket Entry ("DE") 10 (Motion). Hartford opposes the motion on the grounds that in cases such as this, involving review of a denial of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.SC. § 1001, *et seq.*, courts are restricted to review of the underlying administrative record. DE 11 ("Reply" in Opposition). For the reasons set forth below, I deny Alberigo's motion.

        The benefit plan at issue gives Hartford "discretionary authority" to determine benefits. As a result, the court's review of a denial of benefits is under the "arbitrary and capricious" standard. *Krauss v. Oxford Health Plans, Inc.*, 517 F. 3d 614, 622 (2d Cir. 2008). Under this deferential standard of review, courts are generally restricted to reviewing the administrative record. *Trussel v. Cigna Life Ins. of NY*, 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008) (citing *Miller v. United Welfare Fund,* 72 F.3d 1066, 1070 (2d Cir.1995) (citations omitted)).

        Citing *Trussel*, Alberigo argues that courts have discretionary authority to admit evidence outside the administrative record on a showing of good cause. Motion, at 1-2. However, *Trussel*

concerns an exception to the general rule restricting review to the administrative record for cases in which there is a "conflict of interest." 552 F. Supp. 2d at 390. Here, Alberigo does not allege any such conflict of interest and his claim appears to relate solely to the reasonableness of the plan administrator's decision. *See generally* DE 1 (Complaint). Moreover, because the circumstances of this case do not fall within the conflict of interest exception, it is not necessary to address whether or not Alberigo has either shown good cause for the requested discovery, or that there is a "reasonable chance that the requested discovery will satisfy the good cause requirement." *Trussel*, 552 F. Supp. 2d at 390-91; Motion at 1-2.[1]

For the reasons set forth above, I deny plaintiff's motion for additional discovery beyond the administrative record. As a result, discovery is closed. Pursuant to the parties' previously proposed schedule, DE 5, I direct any party that wishes to submit a motion for summary judgment to file a request for a pre-motion conference before the presiding district judge no later than June 10, 2011.

**SO ORDERED.**

Dated: Brooklyn, New York
May 18, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[1] Hartford further contends that even if Alberigo was arguing that a conflict of interest existed, he would not be entitled to relief because Onwubueke, not being the decision-maker on Alberigo's claim,"would not know of any financial interest affecting Hartford's decision-making[.]" Reply, at 2. The truth of the latter assertion is neither inevitable nor sufficient. The fact that a doctor does not work for a referring plan administrator does not necessarily mean that the doctor is ignorant of facts that might suggest the latter's conflict of interest. Moreover, even a nominally independent doctor might have an independent conflict of interest if there were reason to believe that the doctor had an incentive to curry favor with the administrator (such as evidence that the doctor derived a significant portion of his income from referrals by that administrator). Nevertheless, because Alberigo neither contends that there was a conflict of interest nor raises any such specter of a conflict as to Onwubueke, I need not consider such matters further to decide the instant motion.